UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| LARRY D. RAPER, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:17-cv-368 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| JOSEPH V. COTRONEO, et al., | ) | |
| Defendants. | ) | |
| | ) | |

# ORDER

This is a civil rights action brought by prisoner Larry Raper. On February 27, 2020, United States Magistrate Judge Ray Kent issued a Report & Recommendation ("R&R") recommending that the Court grant Defendants' motion for summary judgment (ECF No. 91). Raper timely filed an objection (ECF No. 92). For the reasons to be discussed, the Court will overrule the objection and adopt the R&R as the Opinion of the Court.

## Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district

court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Raper brings three objections to the R&R, none of which have merit. First, he objects to the R&R's treatment of his claim as a "delay of treatment" claim rather than a "failure to treat an objectively serious medical need" claim. However, the R&R considered Raper's "serious medical need" argument in the alternative (R&R at p. 15). Therefore, Raper's claim has been fully evaluated. This objection is meritless and will be overruled.

Next, Raper argues that Defendant Dr. Larson ignored his declining medical condition, so the R&R erroneously dismissed his claim against her. Raper has not presented any evidence in support of his position beyond his own assertions, which are belied by the record. As Magistrate Judge Kent recognized, Dr. Larson monitored Raper's condition, provided medical treatment, and made adjustments as needed. There is no evidence that Dr. Larson ignored Raper's condition or exhibited obduracy and wantonness in treating him. Therefore, there is no error in the R&R, and this objection is overruled.

Raper's final objection alleges that, based on the first two objections, there exists a question of material fact for trial. Having overruled the first two objections, this objection is meritless and is overruled as well. For these reasons,

**IT IS ORDERED** that the February 27, 2020 R&R (ECF No. 91) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the R&R (ECF No. 92) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 74) is **GRANTED**.

**IT IS FURTHER ORDERED** that the remaining "unknown parties" to this action are **DISMISSED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date: March 24, 2020                                     /s/ Paul L. Maloney
                                                         Paul L. Maloney
                                                         United States District Judge